# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ian Olson,                                                              Civ. No. 21-cv-1576 (ECT/DJF)

        Plaintiff,

v.

Macalester College,                                                     **AMENDED[1]**
        Defendant.                                              **ORDER FOR SETTLEMENT CONFERENCE**

Due to the reassignment of this case to the undersigned United States Magistrate Judge, the settlement conference previously scheduled for November 7, 2022, will instead be held on **November 18, 2022,** beginning at **9:00 a.m.**, in Courtroom 6B, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.  Unless otherwise ordered, all participants should plan to spend the entire day and evening, if necessary, at this settlement conference.

Parties are welcome to bring their lunches, snacks, and drinks into the settlement conference rooms.  Participants are expected to conduct themselves at the settlement conference in the same manner as they would during a hearing in the courtroom. This includes wearing appropriate courtroom attire and maintaining courtroom decorum when the Magistrate Judge or other parties are present.

**PARTICIPANTS:**  Counsel <u>who will actually try the case</u> and representatives for the parties, <u>armed with full settlement authority,</u> must be present.  If there is a cap or ceiling on

---

[1] This Order supersedes the prior Order for Settlement Conference [ECF No. 48].  The date and time of the settlement conference and the due date for the parties' confidential settlement letters have changed.

settlement authority, the requirement for full settlement authority has not been met. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference. Other persons whose input or authority may be required to achieve a complete resolution of the matter must participate and, unless specifically excused by the Court, must be continuously available throughout the settlement conference.

**PRE-CONFERENCE MEET AND CONFER:** Counsel for the parties must engage in a full and frank settlement discussion, in person or by videoconference, **no more than two weeks** before the Settlement Conference. Email and letter exchanges do not meet this requirement. Counsel must prepare for this pre-conference meet and confer with their respective clients. During this pre-conference meet and confer, counsel must exchange at least one round of settlement proposals, including at least one specific demand and one offer. Counsel must immediately notify the Court if the case settles.

**CONFIDENTIAL SETTLEMENT LETTERS:** If the case does not settle, by no later than **November 10, 2022**, each party must submit to the Court a confidential letter addressing the following, if applicable:

1. When and where did the pre-conference meet and confer take place, how long did the meeting last, and who attended?

2. What is the history of negotiations to date, including the demands and corresponding responses to the demands?

3. What is the total potential exposure in the case?

4. What is the applicable standard of review, and why? Do the parties agree or disagree on the applicable standard?

5. Provide a concise summary of any liability issues of significance to your position, along with citations to any relevant authorities.

6. Provide an itemized computation of each element of the alleged damages and the basis for each, with a concise description or summary of the expected testimony of any witness who will testify in support of the damage computation.

7. What are the obstacles to settlement and how can those obstacles be overcome?

8. What are the strengths and weaknesses of your position on the merits?

9. What is your assessment of the best and worst alternatives to a negotiated settlement?

10. Provide an assessment of your legal fees and expenses incurred to date and an estimate of the fees and expenses likely to be incurred if the case is litigated to conclusion.

11. State the name and position or title of each person who will attend the settlement conference on your side, indicating which of the attendees have full authority to settle the case.

12. Any other information you believe would be helpful to the settlement process.

Letters must be no more than **twelve (12) pages** in length (including any attachments). These letters are for the Court's use only and need not be served on opposing counsel, although counsel are strongly encouraged to share with each other any analysis and perspectives they believe the opposing party should take into account in evaluating the case for settlement. Counsel should submit their confidential settlement letters to Chambers via email at Foster_Chambers@mnd.uscourts.gov.

Failure of any party, insurance company or attorney to comply with any part of this Order may result in the postponement of the settlement conference and/or imposition of an appropriate sanction on the party, company or attorney who failed to comply.

Date:  Sept. 27, 2022           /s/ Dulce J. Foster
                                DULCE J. FOSTER
                                United States Magistrate Judge